Mr. Justice Clayton
delivered the opinion of the court.
The question so much discussed in this cause, as to the character and the validity of the instrument executed by Four- *534 niqnet to Dodson, need not be decided. That it constituted a lien on the premises at the time of the sale, to the extent of $4000, was acknowledged by the Bank, and that sum reserved out of the purchase from Fourniquet, and set apart for its payment. This was in March, 1839. No just ground is perceived, on which an evasion of this liability can now be placed. Nor was it competent to the Bank, by the erection of subsequent buildings, or the creation of subsequent liens, to diminish the security thus recognized. Indeed, by an action for money had and received, this sum might have been recovered from the Bank by Dodson, as it was paid by Fourniquet for his use.
Apart from this recognition, it might be difficult to adjust the various equities of the parties. The lien created by the instrument, was upon the materials of a building ready to be erected, and afterwards erected upon the lot of Fourniquet. The' mechanics who put it up obtained liens which they afterwards enforced. These were paid off by the Bank, and for their amount, the Bank would have a right to stand in their place. Dodson had no lien on the lot, either express or implied.
It would not have been easy, therefore, to dissever the materials on which his lien subsisted, from those on which he had no claim. The severance would have been the destruction of both.
It would not be just to permit the expense of buildings erected by the Bank, after its purchase, to operate to the exclusion of the previous lien of the complainant. Nor, on the other hand, would it be just to permit the complainant holding a lien on part only of the materials, to get the price of the whole building and lot in payment of that lien. These are equities which have to be adjusted between the parties; and there is no very distinct scale by which to do it. The legal liability of the Bank, upon the contract with Fourniquet, is another consideration.
The complainant Dodson is entitled to the $4000, with interest from the time of the purchase by the Bank, to stand as a charge upon the premises. The value of the lot and the *535 buildings, at the time of said purchase, should be ascertained; also the amount paid by the Bank for the completion of the building on which Dodson’s materials were employed; but not of other buildings erected by the Bank-after the purchase. Interest to be calculated on these sums. The lot and buildings must be sold, and the proceeds divided between the complainant and the bank, pro rata, in proportion to the amount of their respective claims, thus ascertained.
The decree must be reversed, and the cause remanded for farther proceedings, in accordance with these directions;
Decree reversed.